## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WILLIAM WEAVER, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| URBAN SOLAR LLC and ELHAAN INC., | : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : | |
| _____/ | | |

Plaintiff William Weaver (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.      This case involves a campaign by Urban Solar LLC ("Urban Solar"), who hired Elhaan Inc. ("Elhaan") to make telemarketing calls to market its services, and it did so through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.      Mr. Weaver also alleges that the Defendants use automated systems to make telemarketing calls into Florida and that by doing so Defendants violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.      The recipients of Defendants' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and FTSA and because the technology

used by Defendants makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff William Weaver is a Florida resident.

5.      Defendant Elhaan Inc. is a Maryland company.

6.      Defendant Urban Solar LLC is a Florida limited liability company in this District.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction of the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same calls as the TCPA claim.

8.      This Court has personal jurisdiction over Defendants because the company made calls and offers services into Florida or they reside in Florida.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were organized from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

10.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Florida Telephone Solicitations Act

13. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

14. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

15. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

16. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

17. Defendant Defendants is a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number is 386-690-XXXX.

19. That number is used for residential purposes and is used for personal purposes.

20. That number is not associated with a business.

21.     The Plaintiff registered his number on the National Do Not Call Registry in June of 2022.

22.     Despite this, the Plaintiff received telemarketing calls from Defendants to attempt to sell solar panels, including calls on August 7, 2024 (twice).

23.     The Caller ID was the same for both calls, (443) 364-3141.

24.     The Plaintiff was not interested in the services and asked to not be contacted again after the first call.

25.     Yet, he was still contacted.

26.     The solicitations were designed to enroll the Plaintiff in their solar program.

27.     Indeed, as a result of the second call, Urban Solar's contractor Matthew Zimmerman was identified on subsequent text messages about the call.

28.     Each call that was answered started with a click, pause, and a delay prior to any individual from the Defendant getting on the line.

29.     This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

30.     The calls were not necessitated by an emergency.

31.     Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant regarding the telemarketing conduct.

32.     The Defendant did not deny the calling conduct and instead claimed that the co-defendant originated the calls.

33.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network

bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## URBAN SOLAR'S LIABILITY FOR ELHAAN INC.'S CALLING CONDUCT

34. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

35. In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

36. The FCC has instructed that sellers such as Urban Solar may not avoid liability by outsourcing telemarketing to third parties, such as Elhaan:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (cleaned up).

37. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

38.      Urban Solar is liable for telemarketing calls placed Urban Solar by Elhaan and transferred to Urban Solar to generate customers for Urban Solar, including the Plaintiff.

39.      Urban Solar is interested in hiring lead generators that can make phone calls to potential customers, vet potential clients, and only sell them the interested ones.

40.      Urban Solar controlled the day-to-day activities of Elhaan by providing the specific criteria for the leads it would accept and required its vendors such as the type of consumer they wanted, including Elhaan, to adhere to those criteria.

41.      Urban Solar accepted the Plaintiff's lead and then utilized it for a benefit by continuing to promote its services to him.

42.      The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

**CLASS ACTION ALLEGATIONS**

43.      Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

> **National Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendants' goods and/or services

made from or to Florida, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

44. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

46. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

47. There are questions of law and fact common to Plaintiff and the proposed classes, including:

(i) Whether the Defendants contacted numbers on the National Do Not Call Registry;

(ii) Whether Defendants made such calls from or into Florida;

(iii) Whether the Defendants made such calls with express written consent;

(iv) Whether the Defendants' calls utilized an automated dialing system restricted by the FTSA; and

(v) Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendants' actions.

48. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

49.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and she is represented by counsel skilled and experienced in litigating class actions.

50.     The Defendant's actions are applicable to the class and to Plaintiff.

**FIRST CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

51.     The above allegations of paragraphs 50 are repeated and realleged herein as if set forth herein.

52.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants.

53.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

54.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

55.     Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

8

56.     In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

57.     Defendants made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

58.     As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the National Do Not Call Registry Class**

59.     The above allegations of paragraphs 50 are repeated and realleged herein as if set forth herein.

60.     The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61.     The Defendants' violations were negligent, willful, or knowing.

62.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

9

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      That the Court certify the proposed classes;

B.      That the Court appoint Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the classes;

F.      That the Court enter a judgment permanently enjoining Defendants from the conduct above;

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

H.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: October 16, 2024                PLAINTIFF, individually and on behalf of all
                                       others similarly situated,

                                       /s/ Avi R. Kaufman
                                       Avi R. Kaufman (FL Bar no. 84382)
                                       kaufman@kaufmanpa.com
                                       Rachel E. Kaufman (FL Bar no. 87406)

10

rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed classes*

11