## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

WILLIAM WEAVER, on behalf of himself and :
  others similarly situated,      :
               :
  Plaintiff          :
               :
v.               : Case No.: 9:24-cv-81292-AHS
               :
URBAN SOLAR LLC and ELHAAN INC., :
               :
  Defendants        :

### DEFENDANT ELHAAN INC.'S ANSWER TO COMPLAINT

Defendant Elhaan, Inc. ("Defendant" or "Elhaan"), by and through counsel, in answer to the Complaint filed herein, states as follows:

1. Defendant denies the allegations in ¶ 1 of the Complaint.

2. In answer to the allegations in ¶ 2 of the Complaint, Defendant admits that it makes telemarketing calls into Florida, but denies that it committed any violation of the law.

3. Defendant denies the allegations in ¶ 3 of the Complaint.

### PARTIES

4. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 4 of the Complaint.

5. Defendant admits the allegations in ¶ 5 of the Complaint.

6. Defendant admits the allegations in ¶ 6 of the Complaint.

### JURISDICTION AND VENUE

7. The allegations in ¶ 7 are jurisdictional in nature and require no response.

8. The allegations in ¶ 8 are jurisdictional in nature and require no response.

9. The allegations in ¶ 9 relate solely to venue and require no response.

## TCPA BACKGROUND

The National Do Not Call Registry

10. The allegations in ¶ 10 of the Complaint purport to paraphrase the language of the TCPA. Defendant denies the allegations in ¶ 10 to the extent they paraphrase or characterize the TCPA in a manner inconsistent with its actual terms or substances. Defendant refers to the TCPA for the true and correct contents thereof.

11. The allegations in ¶ 11 of the Complaint purport to paraphrase the language of the TCPA. Defendant denies the allegations in ¶ 11 to the extent they paraphrase or characterize the TCPA in a manner inconsistent with its actual terms or substances. Defendant refers to the TCPA for the true and correct contents thereof.

12. The allegations in ¶ 12 of the Complaint purport to paraphrase the language of the TCPA. Defendant denies the allegations in ¶ 12 to the extent they paraphrase or characterize the TCPA in a manner inconsistent with its actual terms or substances. Defendant refers to the TCPA for the true and correct contents thereof.

The Florida Telephone Solicitations Act

13. The allegations in ¶ 13 of the Complaint purport to paraphrase the language of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, *et seq.* Defendant denies the allegations in ¶ 13 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

14. The allegations in ¶ 14 of the Complaint purport to paraphrase the language of the FTSA. Defendant denies the allegations in ¶ 14 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

15. The allegations in ¶ 15 of the Complaint purport to paraphrase the language of the FTSA. Defendant denies the allegations in ¶ 15 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

16. The allegations in ¶ 16 of the Complaint purport to paraphrase the language of the FTSA. Defendant denies the allegations in ¶ 16 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

## FACTUAL ALLEGATIONS

17. The allegations contained in ¶ 17 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

18. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 20 of the Complaint.

21. Defendant denies the allegations in ¶ 21 of the Complaint.

22. Defendant admits that it called Plaintiff on August 7, 2024 at the Plaintiff's request. Defendant denies the remaining allegations in ¶ 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 23 of the Complaint.

24. Defendant denies the allegations in ¶ 24 of the Complaint.

25. Defendant admits that it contacted Plaintiff on August 7, 2024 at the Plaintiff's request. Defendant denies the remaining allegations in ¶ 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 26 of the Complaint.

27. Defendant denies the allegations in ¶ 27 of the Complaint.

28.  Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 29 of the Complaint.

30. Defendant admits that it did not call Plaintiff pursuant to an emergency. Defendant denies the remaining allegations in ¶ 30 of the Complaint.

31. The allegations in ¶ 31 of the Complaint relate to correspondence that Plaintiff allegedly sent to the Defendant. Any such correspondence speaks for itself with respect to its terms and content. Defendant denies the remaining allegations in ¶ 31 of the Complaint.

32. Defendant admits that it contacted Plaintiff on August 7, 2024 at the Plaintiff's request. Defendant denies the remaining allegations in ¶ 32 of the Complaint.

33. Defendant denies the allegations in ¶ 33 of the Complaint.

**URBAN SOLAR'S LIABILITY FOR ELHAAN INC.'S CALLING CONDUCT**

34. The allegations contained in ¶ 34 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

35. The allegations contained in ¶ 35 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

36. The allegations contained in ¶ 36 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

37. The allegations contained in ¶ 37 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

38. The allegations contained in ¶ 38 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

39. The allegations in ¶ 39 of the Complaint do not pertain to this Defendant, and for this reason, Defendant need not respond to the assertions set out in this paragraph of the Complaint. To the extent a response is necessary, Defendant is without sufficient information to admit or deny the allegations in ¶ 39 of the Complaint.

40. The allegations in ¶ 40 of the Complaint do not pertain to this Defendant, and for this reason, Defendant need not respond to the assertions set out in this paragraph of the Complaint. To the extent a response is necessary, Defendant is without sufficient information to admit or deny the allegations in ¶ 40 of the Complaint.

41. The allegations in ¶ 41 of the Complaint do not pertain to this Defendant, and for this reason, Defendant need not respond to the assertions set out in this paragraph of the Complaint.

To the extent a response is necessary, Defendant is without sufficient information to admit or deny the allegations in ¶ 41 of the Complaint

42. The allegations contained in ¶ 42 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

## CLASS ACTION ALLEGATIONS

43. In answer to the allegations in ¶ 43, Defendant admits that Plaintiff has brought this case as a class action but denies that Plaintiff's claim is suitable for class action treatment.

44. Defendant denies the allegations in ¶ 44 of the Complaint.

45. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 45 of the Complaint.

46. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 46 of the Complaint.

47. The allegations contained in ¶ 47 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

48. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 48 of the Complaint.

49. The allegations contained in ¶ 49 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

50. The allegations contained in ¶ 50 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required. To the extent that a response may be required, the allegations are denied.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

51. Defendant incorporates and restates its responses to ¶¶ 1 through 50 as if fully set forth herein.

52. Defendant is without knowledge or information sufficient to admit or deny the allegations in ¶ 52 of the Complaint.

53. The allegations in ¶ 53 of the Complaint purport to paraphrase the language of the FTSA. Defendant denies the allegations in ¶ 53 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

54. The allegations in ¶ 54 of the Complaint purport to paraphrase the language of the FTSA. Defendant denies the allegations in ¶ 54 to the extent they paraphrase or characterize the FTSA in a manner inconsistent with its actual terms or substances. Defendant refers to the FTSA for the true and correct contents thereof.

55. Defendant denies the allegations in ¶ 55 of the Complaint.

56. Defendant denies the allegations in ¶ 56 of the Complaint.

57. Defendant denies the allegations in ¶ 57 of the Complaint.

58. Defendant denies the allegations in ¶ 58 of the Complaint.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act,
### Violation of 47 U.S.C. § 227
### On Behalf of Plaintiff and the National Do Not Call Registry Class

59. Defendant incorporates and restates its responses to ¶¶ 1 through 58 as if fully set forth herein.

60. Defendant denies the allegations in ¶ 60 of the Complaint.

61. Defendant denies the allegations in ¶ 61 of the Complaint.

62. Defendant denies the allegations in ¶ 62 of the Complaint.

63. Defendant denies the allegations in ¶ 63 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by this Defendant, but by another person or entity for whom or for which this Defendant is not responsible.

### THIRD AFFIRMATIVE DEFENSE

At all relevant times herein, Plaintiff's alleged damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

Defendant reserves the right to amend and / or supplement this pleading as additional facts are developed during discovery and prior to trial, consistent with the Rules of Court and any Scheduling Order entered in this case.

WHEREFORE, for the reasons stated above, Defendant Elhaan Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court grant such other relief as is just and proper.

Dated: November 27, 2024

Respectfully submitted,

THE LAW OFFICES OF RONALD S. CANTER, LLC


*/s/ Ronald S. Canter*

Ronald S. Canter, Esquire, #335045
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850-4424
301.424.7490 (telephone) | 301.424.7470 (facsimile)
rcanter@roncanterllc.com (e-mail)
**Counsel for Defendant, Elhaan, Inc.**

*Local Address*:
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Defendant Elhaan Inc.'s Answer to Plaintiff's Complaint was transmitted electronically this 27th day of November, 2024, to:

Avi R. Kaufman, Esq.
Rachel E. Kaufman, Esq.
237 South Dixie Highway, 4th Floor
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
**Counsel for Plaintiff,**
**William Weaver**

Christopher M. Horton, Esq.
Erica Maria Alvarado Gomez, Esq.
101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, FL 33301
cmhorton@smithcurrie.com
emgomez@smithcurrie.com
**Counsel for Defendant,**
**Urban Solar, LLC**

*/s/ Ronald S. Canter*
Ronald S. Canter